## Richmond.

VIRGINIA FIRE AND MARINE INSURANCE CO. V. SAUNDERS.

DECEMBER 8th, 1887.

Absent, Richardson, J.

1. PRACTICE AT COMMON LAW—*Action on insurance policy—Declaration—Demurrer.*—Declaration showing plaintiff's intention to proceed under the statute "to simplify declarations in actions against insurance companies," (Code 1873, ch. 167, § 14,) is a good statutory declaration, even though largely following the form of a declaration in debt.

2. IDEM—*Pleading—Conclusion—Special traverses.*—It is the well established rule of pleading that where new matter is introduced, the pleading shall conclude with a verification. This rule applies as well to the plaintiff's replication as to any other pleading, and the first clause of section 27, chapter 167, Code 1873, page 1093, providing that special traverses, or traverses with an inducement of new matter, shall conclude to the country, does not affect this rule.

Error to judgment of circuit court of Mecklenburg county, rendered October 7th, 1886, in an action on a policy of insurance, wherein Mrs. Sarah K. Saunders was plaintiff, and the Virginia Fire and Marine Insurance Company was defendant.

The policy upon which the action was founded, insures the female plaintiff, "Mrs. Sarah K. Saunders, against such immediate loss and damage, not exceeding one thousand dollars, as may be caused by fire or by lightning," between certain mentioned dates, to a certain dwelling house, owned and occupied by her, and situate in the said county, " which loss or damage," it is provided, "shall in no case be held to exceed the interest of

the assured in the said property," and further, that "the said loss or damage shall be estimated as of the date of its occurrence, according to the then actual cash value of the property lost or damaged," etc.

The declaration complains of the defendant company, the plaintiff in error here, "of a plea that the said defendant do render unto the plaintiffs the sum of one thousand dollars, which to them the said defendant owes, and from them unjustly detains." It then sets forth in substance the terms and conditions of the policy, and avers that the plaintiffs *" have performed all the conditions of the said policy of insurance, and have violated none of its prohibitions."* It then further alleges that on a certain mentioned day the property insured was wholly destroyed by fire, of which due notice, according to the terms of the policy, was given to the defendant, and that at the time of such destruction and loss the interest of the said Sarah K. Saunders in the said property was of the value of one thousand dollars. It then concludes with an averment that the said defendant, although often requested so to do, has wholly failed to pay to the plaintiffs the said sum of one thousand dollars, or any part thereof, to the damage of the plaintiffs of $20.

The original policy was filed with the declaration, and the subsequent proceedings at rules appear to have conformed to the usual practice in an action of debt on bond or other writing for the payment of money, except that there was an order of inquiry of damages.

There was a demurrer to the declaration, which the circuit court overruled, and judgment, in accordance with the verdict, having been rendered for the plaintiffs for the sum of one thousand dollars with interest, as claimed in the declaration, the defendant applied for and obtained a writ of error and *supersedeas.*

*W. W.* & *B. T. Crump,* for the plaintiff in error.

*A. S. Lee,* for the defendant in error.

LEWIS, P., (after stating the case) delivered the opinion of the court.

The first question is, did the circuit court err in overruling the demurrer to the declaration? The defendant contends that it did; and this contention is based upon two grounds, namely: (1). That the policy leaves the *quantum* of compensation, in the event of a loss, open and unfixed—thus requiring proof to ascertain the amount of damages sustained by reason of the alleged loss, which renders the policy an open and not a valued one; and, (2). That the action is one of debt, which will not not lie upon such a policy—the action of debt being employed to recover a debt *eo nomine, i. e.,* a *specific sum of money* due by contract, express or implied.

It is unnecessary, however, to enter into a discussion of these questions. A sufficient answer to the objection is, that the declaration is good under the statute relating to the form of the declaration in an action upon a policy of insurance.

The object of the statute, as expressed in its title, was "to simplify declarations in actions against insurance companies," and to effect its object, it enacts as follows:

"Hereafter *no particular form of declaration shall be necessary* in an action upon a policy of insurance, but it shall be sufficient for the plaintiff to file a complaint in writing at common law, setting forth the grounds of his action and the relief prayed for, and filing therewith the original policy, or a sworn copy thereof, upon which his action is brought, and the loss or death relied upon as the ground of his recovery, and that he has performed all the conditions of said policy and violated none of its prohibitions; and in such complaint it shall not be necessary to set forth every condition or proviso of said policy, nor to aver observance of or compliance therewith *seriatim,* but a general averment to that effect shall suffice. Such complaint

shall be filed in the same court and at the same time at which a declaration in such cases is now required by law; and such action shall be matured in the same manner as at present. The defendant may plead the general issue, or such other special plea or pleas as is now allowed by law; and the rules now applicable in such cases, as to the bringing of such actions, the maturing and trial of the same, shall remain the same, save as above modified." Acts 1871–2, p. 57; Code 1873, ch. 167, sec. 14.

It is quite evident from the language of the declaration, that it was the intention of the plaintiffs to proceed under this statute, although the declaration largely follows the form of an ordinary declaration in debt, and we think it would not be in accordance either with the spirit or the terms of the act, to hold that the declaration is not a good statutory complaint.

The learned counsel for the plaintiff in error refer to the case of *Moseley* v. *Moss*, 6 Gratt., 534, as deciding a principle analogous to the view for which they contend, namely, that a plaintiff cannot proceed under the statute and at common law at the same time. But we do not perceive any analogy between that case and the present. In that case, it was decided that in an action for insulting words, the plaintiff must declare under the statute, and that such a cause of action cannot be blended in the same count with one for defamation at common law; for, said the court, there are essential points of difference, affecting both the pleadings and the evidence, between an action for defamation, on the one hand, and an action for insults, on the other, and that to ignore these distinctions would lead to the utmost perplexity and confusion. Clearly this reasoning cannot apply to a case like the present; for here no right of action is given by the statute above quoted, which does not exist independently of the statute; and, as we have seen, the right of the defendant to plead, and the rules relating to the maturing of actions, and the subsequent proceedings therein, remain substantially the same as before the statute was passed. We

are, therefore, of opinion, without further discussion of the subject, that the first assignment of error is not well taken.

After the demurrer was overruled, the defendant pleaded the general issue, *nil debit*, and also three special pleas. The substance of the first special plea was that the written application upon which the policy in the declaration mentioned was founded, contained a warranty that the building insured cost the applicant the sum of $1,600, when, in fact, it did not cost more than a small fraction of that sum. To this plea, the plaintiffs, not objecting to its form or sufficiency, replied. The replication avers that the agent of the defendant, through whom the policy was obtained, was fully informed as to the cost price of the property by the plaintiff, and that the answer to the question respecting the price of the property was inserted in the application by the said agent. It then proceeds, not in reply to anything in the plea contained, but departing therefrom, to introduce new matter, alleging that the said agent inspected and *valued* the property at the above mentioned sum of $1,600, and thereupon contracted to insure the same in a sum not exceeding $1,000, as set forth in the policy. Wherefore, it avers the said defendant is estopped from alleging the matter contained in the said plea, and *concludes to the country*.

To this replication the defendant objected, and moved the court to reject it; but the court overruled the motion and permitted it to be filed, and in this we think there was error. There is no more ancient or better established rule in our common law system of pleading, than that which requires, where *new matter* is introduced, that the pleading shall conclude with a verification, in order to give the adverse party an opportunity of answering it. And this rule applies as well to the replication as to any other stage of the proceedings, as appears from all the authorities. Thus, says Stephen, by way of illustration of the rule, if in an action of debt on a bond, conditioned for the performance of covenants, the defendant pleads generally, performance of the covenants, and the plaintiff in his replication

relies on a breach of them, he must show specially in what that breach consists, for to reply generally that the defendant did not perform them, would be too vague and uncertain. His replication, therefore, setting forth, as it necessarily does, the circumstances of the breach, discloses new matter; and consequently, though it is a direct denial or traverse of the plea, it must not tender issue, but must conclude with a verification. Steph. Plead., 233. See also 1 Sand., 103, n. (1); 1 Chitty's Plead., 624; 4 Min. Insts., 672.

The statute relied on by the plaintiffs in support of the ruling of the circuit court has no application. It enacts that special traverses, which have long since fallen into disuse in Virginia, shall conclude to the country. But this was not intended to abrogate, or in any way to effect, the rule of pleading above mentioned. 4 Min. Insts., 647, 903.

It is also contended in this connection by the plaintiffs, that the plea alleging a warranty, and not charging fraud, is defective, and that the court, in passing on the motion to reject the replication, must consider the whole record, as in the case of a demurrer, and give judgment against the defendant, by whom the first fault in pleading was committed. The argument that the plea is defective is based on the ground that a *bona fide* over estimate of the value of property upon which insurance is sought to be effected is mere matter of opinion, and will not be treated as a warranty, as was decided in *Lynchburg Fire Ins. Co.* v. *West,* 76 Va., 575, and in *National Bank* v. *Insurance Co.,* 95 U. S., 673. But this is not the question raised by the plea. It raises a question, not of over valuation, but of warranty as to the actual cost of the property, and the point now to be determined is, whether the replication to the plea, introducing as it does new matter, properly concluded to the country, thus compelling the defendant to join issue upon it, without the opportunity of answering it. It is, therefore, a simple question of pleading, and not one to be determined with reference to the facts of the case, as to which much was said in the argu-

ment at the bar. If the circumstances be such as that the defendant ought to be estopped from setting up any alleged warranty in the case, according to the doctrine laid down in *Insurance Co.* v. *Wilkinson*, 13 Wall., 222, and in other cases, that is a matter for future adjudication, if it shall be properly presented by the pleadings, after the case goes back to the circuit court. The case is certainly not now in a situation to enable us to pass upon it.

What has been said equally applies to the action of the circuit court in overruling the defendant's motion to reject the replication to the second special plea. And, as for the reasons already stated, the judgment must be reversed and the case remanded for a new trial, it is unnecessary to decide any other question in the case.

JUDGMENT REVERSED.